UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYZERTECH, INC.,

                         Case No. 2:21-cv-11733

       Plaintiff,

                         HONORABLE STEPHEN J. MURPHY, III

v.

SECURA INSURANCE COMPANY,

       Defendant.
_____/

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [3]**

Plaintiff Ayzertech, Inc. sued Defendant Secura Insurance Company for conversion and unjust enrichment under Michigan law in Wayne County Circuit Court. ECF 1-1, PgID 10–15. Defendant timely removed the case to federal court under 28 U.S.C. § 1446. *See* ECF 1; ECF 1-1, PgID 6. Defendant also timely moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF 3. Plaintiff did not respond to the motion. The Court will therefore consider the motion unopposed. After reviewing the motion, the Court need not hold a hearing. E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will grant the motion to dismiss.

### BACKGROUND

Plaintiff is an "adjusting company that provided services pursuant to an express contract with [] third parties." ECF 1-1, PgID 12. "[T]he third parties were insured by [] Defendant and the third parties assigned insurance benefits to Plaintiff." *Id.* A remediation company provided services to the third parties and

1

assigned its rights to receive payment to Plaintiff. *Id.* Plaintiff and the remediation company allegedly fully performed their services under the contract. *Id.* "Defendant has a contractual duty to pay benefits to the insured[s] . . . and Defendant issued a check in the name of Plaintiff, the third party insureds[,] and [the remediation company]." *Id.* Although Plaintiff and the remediation company endorsed the check that Defendant issued, the insureds allegedly failed to do so. *Id.* As a result, Defendants allegedly maintained sole possession and control of funds to be paid to Plaintiff under the contract, despite Plaintiff's many requests to issue a check payable only to Plaintiff. *Id.* at 13.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Ordinarily, the Court cannot consider matters beyond the complaint when reviewing a motion to dismiss. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001) (citation omitted). But the Court "may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

## DISCUSSION

The Court will first dismiss the conversion claim against Defendant. After, the Court will dismiss the unjust enrichment claim.

I.  Conversion

Conversion is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 497 Mich. 337, 351–52 (2015) (quotation omitted); *see also* Mich. Comp. Laws § 600.2919a. "A conversion claim cannot be brought where the property right alleged to have been converted arises entirely from the plaintiff's contractual rights." *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 788 (E.D. Mich. 2014) (cleaned up).

Here, Defendant has an express contract with the insureds. ECF 3-2; 4; *see* ECF 1-1, PgID 12 ("Defendant has a *contractual* duty to pay benefits to the insured[s] . . . .") (emphasis added). Because Plaintiff asserted a claim based on being the insureds' assignee, an express contract governs the transaction. ECF 1-1, PgID

3

12 (alleging that the insureds assigned insurance benefits to Plaintiff); ECF 3-4, PgID 160–61. Given the express contract, the conversion claim fails.

That said, "[i]t is possible for a party's conduct to result in both a breach of contract and a tort for common law conversion[,] so long as the defendant's conduct constituted a breach of duty separate and distinct from the breach of contract." *Devon Indus. Grp., LLC v. Demrex Indus. Servs., Inc.*, No. 11–10313, 2012 WL 4839013, at *5 (E.D. Mich. Oct. 11, 2012) (citations omitted). But Plaintiff never alleged that Defendant had a separate duty distinct from its contractual duties. *See* ECF 1-1, PgID 10–15. And "[t]he law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Brock v. Consol. Biomedical Laboratories*, 817 F.2d 24, 25 (6th Cir. 1987). The Court will therefore dismiss the conversion claim.

II. <u>Unjust Enrichment</u>

Michigan law defines unjust enrichment as "the unjust retention of money or benefits which in justice and equity belong to another." *Tkachik v. Mandeville*, 487 Mich. 38, 47–48 (2010) (quotation omitted). The unjust enrichment claim fails for the same reason the conversion claim failed. "A party cannot recover under theories of quantum meruit or unjust enrichment when a transaction is governed by a valid contract." *Llewellyn-Jones*, 22 F. Supp. 3d at 793 (citing *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 194–95 (2006)) (emphasis omitted). As a result, the Court will dismiss the unjust enrichment claim and grant the motion to dismiss.

4

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [3] is **GRANTED**.

This is a final order that closes the case.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: November 9, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2021, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager